ICKES, Secretary of the Interior, v. VIRGINIA–COLORADO DEVELOPMENT CORPORATION.

No. 5956.

Court of Appeals of the District of Columbia.

Argued Nov. 6, 1933.

Decided Jan. 22, 1934.

Nathan R. Margold, Charles Fahy, and Victor H. Wallace, all of Washington, D. C., for appellant.

Louis Titus and Charles L. Frailey, both of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB, HITZ, and GRONER, Associate Justices.

MARTIN, Chief Justice.

This is an appeal of the Secretary of the Interior from a decree of mandatory injunction requiring him to vacate a decision promulgated by him whereby certain oil shale placer claims of the appellee were declared to be null and void.

The appellee, the Virginia-Colorado Development Corporation, as plaintiff below and hereinafter called the plaintiff, filed its bill below praying for an injunction against the appellant upon allegations in substance as follows:

That in June, 1917, the plaintiff, under the mining laws then in force, located certain oil shale placer claims in Colorado known as the Mt. Mamm, Nos. 12 to 17. It was required by the statutes (Rev. St. §§ 2324, 2325, 30 USCA §§ 28, 29) that until a patent was issued for the claims, "not less than $100 worth of labor shall be performed or improvements made during each year; * * * and upon a failure to comply with these conditions, the claim or mine upon which such failure occurred shall be open to relocation in the same manner as if no location of the same had ever been made, provided that the original locators, their heirs, assigns, or legal representatives, have not resumed work upon the claim after failure and before such location."

That plaintiff from the time of the location of the claims in 1917, up to and including the year ending July 31, 1930, performed the assessment work of not less than $100 annually as required by the statute, but failed to perform such labor during the year ending July 31, 1931. That this default continued throughout the months of July, August, and part of September, 1931; but plaintiff intended on and prior to September 4, 1931, to resume work upon the claims, and had made arrangements to do so, and would

have done so, had it not been prevented from performing such labor by the action of the Secretary of the Interior complained of in this case. That the plaintiff never at any time abandoned nor had any intention of abandoning the claims.

That on September 4, 1931, certain adverse proceedings were initiated by the Department of the Interior, through the General Land Office, against plaintiff's claims by the filing in the Land Office and posting on the claims of a challenge to the plaintiff's right and title thereto. This challenge was based solely upon the ground that plaintiff had failed to perform the assessment labor for the year ending July 31, 1931, and had not resumed such labor before the challenge was filed and posted. The challenge stated that the United States had therefore resumed possession of the land within the claims. It was not charged that the plaintiff's right or title to the claims was otherwise invalid, or ever had been so, or that plaintiff had abandoned the claims. It was based upon the sole ground that plaintiff's failure to perform assessment work for the year ending July 31, 1931, and before the filing of the challenge on September 4, 1931, had entitled the Secretary to declare a forfeiture of plaintiff's right and title to the claims and made them subject to cancellation by the government. No relocation of the claims had been made or attempted by any other person or company during this period, nor had anyone made application to lease the lands from the government.

That plaintiff contested the proceedings in the General Land Office, but the Commissioner held that plaintiff's claims were null and void, and upon appeal this decision was affirmed by the Secretary of the Interior. That on July 15, 1932, the Department's decision was promulgated declaring the plaintiff's claims to be null and void, and asserting that the United States had taken possession of the lands within the claims for its own uses and purposes. The plaintiff seasonably objected to all of these proceedings.

Thereupon plaintiff filed its bill in equity in the Supreme Court of the District of Columbia in the present case praying for a mandatory injunction requiring the Secretary of the Interior to vacate his decision declaring the plaintiff's claims null and void. The court below granted the decree prayed for, and enjoined the Secretary from taking any action interfering with plaintiff's title to the claims. The Secretary then appealed from this decision.

The question involved in this case is whether the failure of plaintiff to perform the annual assessment labor upon the claims in the year ending July 31, 1931, entitled the government to declare a forfeiture of the claims and take possession thereof to the exclusion of all rights of the plaintiff. It is conceded by appellant that no such forfeiture was provided for under the Mining Law of May 10, 1872, Rev. St. §§ 2324, 2325, supra, under which plaintiff had located the claims, but it is contended that under the Leasing Act of February 25, 1920, 41 Stat. 437, such a right was vested in the government, and the annual performance of labor on such locations was necessary to preserve the possessory right of the locator as against the government.

We do not agree with this contention.

The Secretary's proceedings might be sustained if the present claims were governed by the provisions of the Leasing Act, but section 37 of that act (30 USCA § 193) contains a saving clause excepting from its provisions all "valid claims existent at date of the passage of this act [February 25, 1920], and thereafter maintained in compliance with the laws under which initiated, which claims may be perfected under such laws, including discovery."

It is contended by appellant that the claims now in question, although initiated under the mining laws, were not maintained in compliance therewith; and therefore were not excepted by the proviso from the operation of the Leasing Act. This contention is based upon the failure of the plaintiff to perform the annual labor for the year ending July 31, 1931. Appellant alleges that the plaintiff, consequently, is not entitled to the benefit of the saving clause aforesaid. We cannot agree with this position for the reason, as held by the Supreme Court of the United States with respect to such claims, in Wilbur v. U. S. ex rel. Krushnic, 280 U. S. 306, 314, 50 S. Ct. 103, 104, 74 L. Ed. 445, affirming United States ex rel. Krushnic v. West, Secretary of the Interior, 58 App. D. C. 332, 30 F.(2d) 742, that "prior to the passage of the Leasing Act, annual performance of labor was not necessary to preserve the possessory right, with all the incidents of ownership above stated, as against the United States, but only as against subsequent relocators. So far as the government was concerned, failure to do assessment work for any year was without effect." It follows that inasmuch as the government, prior to the passage of the Leasing Act, was without authority to declare a forfeiture of

these claims because of the failure of plaintiff to perform the required annual assessment work, and inasmuch as the claims in question were saved out of the operation of the Leasing Act by the proviso above quoted, the action of the Secretary in his challenge of the plaintiff's claims and his resumption thereof for the United States were without authority of law and were null and void.

It is claimed by appellant that it was error for the lower court to issue a writ of mandatory injunction against the Secretary of the Interior in this case. We are of the opinion that this contention is foreclosed by the decision of the Supreme Court of the United States in Wilbur v. Krushnic, supra. In that case it was held that the lower court possessed authority to issue a writ of mandamus against the Secretary based upon facts similar in principle to those involved in the present case. In view of that conclusion it follows that it was not error for the court in this case to issue a mandatory injunction to afford similar relief based upon similar facts.

The decree of the lower court is therefore affirmed.